AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| Gary Wipperman | ) | 1:19MJ-134 |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  December 2015; February 10, 2016  in the county of  Hamilton  in the
 Southern  District of  Ohio , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 505 | Forgery of the Signature of Any Judge |
| Title 18, United States Code, Section 641 | Theft of Government Funds |
| Title 18, United States Code, Section 1001 | False Statements |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SA Craig Harmeling, HUD-OIG
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  February 25, 2019

_____
*Judge's signature*

City and state:  Cincinnati, OH

Hon. Karen L. Litkovitz, U.S. Magistrate Judge
*Printed name and title*

```
-------------------------------------------------X
                                           :
UNITED STATES OF AMERICA                   :   AFFIDAVIT IN SUPPORT OF
                                           :   CRIMINAL COMPLAINT
                                           :
            -v-                            :   Violations of 18 U.S.C.
                                           :   §§ 505, 641, 1001
GARY WIPPERMAN,                            :
                                           :
            Defendant.                     :
                                           :
------------------------------------------ X
```

SOUTHERN DISTRICT OF OHIO, ss.:

          CRAIG HARMELING, being duly sworn, deposes and says that he is a Special Agent with the U.S. Department of Housing and Urban Development ("HUD"), Office of Inspector General ("OIG") and states as follows:

          1.    I am a federal law enforcement officer. I have been assigned to investigate violations of criminal law relating to HUD. I have received training and have experience investigating matters relating to HUD requirements and regulations. I have participated in the investigation of this matter, and I am familiar with the information contained in this Complaint based on my own personal participation in the investigation, my review of documents, conversations I have had with other law enforcement officers about this matter, and my training and experience. Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest the defendant, I have not included the details of every aspect of the investigation. Where actions, conversations and statements of others are related herein, they are related in substance and in part, except where otherwise indicated.

## The Investigation

          2.    I have reviewed records from the Greene County Ohio Clerk's Office and the Montgomery County Clerk's Office, and from that review, I have learned, among other things, the following:

          a.    On or about January 29, 1993, in the Court of Common Pleas, Greene County, Ohio, GARY WIPPERMAN, the defendant, was convicted of Gross Sexual Imposition, in violation of Ohio Revised Code Section 2907.05(A)(4), and Felonious Sexual Penetration, in violation of Ohio Revised Code Section 2907.02(A)(1)(b).

b.     On or about January 29, 1993, WIPPERMAN was sentenced to two years' imprisonment for Gross Sexual Imposition, and 10 to 25 years' imprisonment for Felonious Sexual Penetration.

c.     On or about September 13, 1999, in the Court of Common Pleas, Greene County, Ohio, WIPPERMAN was adjudged a sexual predator, pursuant to Ohio Revised Code Section 2950.09(C).  In the court order, WIPPERMAN was required to register his residency every 90 days for his lifetime.

3.     On or about December 14, 2018, pursuant to a regular data review conducted by HUD, I was notified that GARY WIPPERMAN, the defendant, had registered his residency as an address that is subsidized by federal funding through HUD (the "Address").

4.     Based on my training and experience, and knowledge of HUD requirements, I know, among other things, the following:

a.     HUD provides the housing choice voucher program to assist low-income families, the elderly, and the disabled to afford housing in the private market.  Participants in the program can choose any housing that meets the requirements of the program.

b.     Housing choice vouchers are administered locally by public housing agencies.  The public housing agencies receive federal funds from HUD to administer the housing choice voucher program.  The public housing agencies pay housing subsidies to landlords directly on behalf of the participants in the housing choice voucher program.  Participants in the housing choice voucher program pay the difference between the rent and the housing subsidy.

c.     In Cincinnati, Ohio, housing choice vouchers are administered by the Cincinnati Metropolitan Housing Authority ("CMHA").

d.     HUD regulations at 24 C.F.R. §§ 5.856, 960.204(a)(4), and 982.553(a)(2)(i) prohibit any individual who is subject to a State lifetime sex offender registration requirement from receiving assistance from HUD.

e.     CMHA informs applicants that CMHA will deny admission to the housing choice voucher program if "any member of the household is subject to a lifetime registration requirement under a State sex offender registration program."  CMHA Housing Choice Voucher Program Administrative Plan at 16.

5.     I have reviewed records maintained by CMHA, and from that review, I have learned, among other things, the following:

a. On or about August 31, 2015, GARY WIPPERMAN, the defendant, was selected from the waitlist to receive housing choice vouchers.

b. On or about December 3, 2015, HUD notified WIPPERMAN that he could not receive housing choice vouchers because he was a sexual predator.

c. On or about December 9, 2015, WIPPERMAN requested a review of the decision to deny him housing choice vouchers because he disagreed with the decision.

d. HUD held an informal review of the decision at a hearing on or about February 10, 2016.

e. Prior to the hearing date, WIPPERMAN provided documents to HUD. Included in those documents were the following: (1) an opinion signed by a Federal Magistrate Court Judge in the Southern District of Ohio ("Federal Magistrate Court Judge-1"), but issued by the United States Sixth Circuit Court of Appeals, that claimed WIPPERMAN was entitled to "have the same rights as one never charged and given the presumption of innocence unless convicted in a new trial"; (2) an opinion from a Federal District Court Judge in the Southern District of Ohio ("Federal District Court Judge-1") that vacated WIPPERMAN's convictions and purportedly was signed by Federal District Court Judge-1; (3) an opinion from a Federal Appellate Court Judge for the Sixth Circuit Court of Appeals ("Federal Appellate Judge-1") that ordered WIPPERMAN "deemed **Innocent** of all charges" (emphasis in original) and purportedly was signed by Federal Appellate Judge-1; (4) an opinion from a Federal Appellate Court Judge for the Sixth Circuit Court of Appeals ("Federal Appellate Judge-2") that found WIPPERMAN "innocent until proven guilty in a court of law"; and (5) a docket sheet from the United States Supreme Court.

f. At the hearing on or about February 10, 2016, WIPPERMAN provided testimony under oath. WIPPERMAN stated, in substance and in part: (1) both the United States District Court for the Southern District of Ohio and United States Sixth Circuit Court of Appeals had declared him "innocent"; (2) there was an appeal pending in the Supreme Court of the United States by the State, opposing his grant of habeas corpus; (3) he should be eligible for housing while the Supreme Court of the United States reviewed the State's appeal; and (4) the State required him to register as a sex offender while the appeal was pending. The hearing officer stated, in substance and in part, that the information in the documents provided by WIPPERMAN was compelling.

g. On or about February 16, 2016, HUD granted WIPPERMAN permission to proceed with his application for subsidized housing, based on the aforementioned documents submitted by WIPPERMAN.

h. On or about April 11, 2016, WIPPERMAN signed a residential lease agreement to reside at the Address.

i. Since approximately April 11, 2016, until at least February 21, 2019, WIPPERMAN has resided at the Address and paid a portion of his rent using housing choice vouchers.

6. I have communicated with the Chief Deputy of the Sixth Circuit Court of Appeals, who informed me, in substance and in part: (1) the case number that appeared on the documents purportedly from the Sixth Circuit Court of Appeals did not exist, and the Sixth Circuit never had a case with that number; (2) judges for the Sixth Circuit Court of Appeals never sign their opinions or orders; (3) the opinion purporting to be from the Sixth Circuit in 2004 incorrectly listed one of the judges as a "senior judge"; (4) the opinions purporting to be from the Sixth Circuit did not appear in a form that the Sixth Circuit used; and (5) the documents did not come from the Sixth Circuit Court of Appeals.

7. I have spoken with Federal Appellate Judge-1, who told me, in substance and in part: (1) Federal Appellate Judge-1 reviewed the records GARY WIPPERMAN, the defendant, provided to HUD that were purportedly an opinion issued by Federal Appellate Judge-1; and (2) Federal Appellate Judge-1 did not author or issue the opinion presented by WIPPERMAN, and the signature that appeared on the opinion was not her/his signature.

8. I have spoken with Federal District Court Judge-1, who told me, in substance and in part: (1) Federal District Court Judge-1 reviewed the records GARY WIPPERMAN, the defendant, provided to HUD that were purportedly an opinion issued by Federal District Court Judge-1; and (2) Federal District Court Judge-1 did not author or issue the opinion presented by WIPPERMAN, and the signature that appeared on the opinion was not her/his signature.

9. Based on my training and experience, and the facts as set forth in this affidavit, I respectfully submit that there is probable cause to believe that GARY WIPPERMAN, the defendant, committed violations of 18 U.S.C. §§ 505, 641, and 1001.

WHEREFORE, the deponent respectfully requests that GARY WIPPERMAN, the defendant, be imprisoned, or bailed, as the case may be.

_____

CRAIG HARMELING
Special Agent
Office of the Inspector General
U.S. Department of Housing and Urban Development

Sworn to before me this
25th day of February 2019

_____

THE HONORABLE KAREN L. LITKOVITZ
United States Magistrate Judge
Southern District of Ohio

**ATTACHMENT A**

<u>COUNT ONE</u>
(Forgery of Signature of Any Judge)

In or about December of 2015, in the Southern District of Ohio and elsewhere, GARY WIPPERMAN, the defendant, forged the signature of any judge, register, and other officer of any court of the United States, and forged and counterfeited the seal of any such court, and knowingly concurred in using any such forged and counterfeit signature and seal, for the purpose of authenticating any proceeding and document, and tendered in evidence any such proceeding or document with a false and counterfeit signature of any such judge, register, and other officer, and a false or counterfeit seal of the court, subscribed and attached thereto, knowing such signature and seal to be false and counterfeit, to wit, WIPPERMAN provided to representatives of the U.S. Department of Housing and Urban Development two court opinions purportedly authored and signed by a U.S. District Court Judge and a U.S. Circuit Court Judge, respectively.

(Title 18, United States Code, Section 505.)

<u>COUNT TWO</u>
(Theft of Government Funds)

From at least on or about April 11, 2016, through on or about February 21, 2019, in the Southern District of Ohio and elsewhere, GARY WIPPERMAN, the defendant, embezzled, stole, purloined, and knowingly converted to his use and the use of another, and without authority, sold, conveyed, and disposed of any record, voucher, money, and thing of value of the United States and of any department and agency thereof, and any property made and being made under contract for the United States and any department and agency thereof, to wit, WIPPERMAN, through misrepresentations, received and used housing choice vouchers subsidized by funds from the U.S. Department of Housing and Urban Development to which he was not entitled.

(Title 18, United States Code, Section 641.)

<u>COUNT THREE</u>
(False Statements and Representations)

On or about February 10, 2016, in the Southern District of Ohio and elsewhere, GARY WIPPERMAN, the defendant, in a matter

within the jurisdiction of the executive, legislative, and judicial branch of the Government of the United States, knowingly and willfully made any materially false, fictitious, and fraudulent statement and representation, and made and used any false writing and document knowing the same to contain any materially false, fictitious, or fraudulent statement and entry, to wit, at a hearing with representatives of the U.S. Department of Housing and Urban Development, during which time WIPPERMAN was placed under oath, WIPPERMAN presented documents and testimony that his previous sex convictions had been vacated by federal courts.

(Title 18, United States Code, Section 1001.)